## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| JANE DOE, | Case No. **2:21-cv-12492** |
| Plaintiff, | |
| v. | |
| DAVID BAUM, ELIZABETH SENEY, MARGARET GYTEKO, CHUNG OWYANG, | |
| Defendants. | |

### MOTION FOR A PROTECTIVE ORDER
### TO USE A PSEUDONYM

**NOW COMES** Plaintiff JANE DOE by and through her attorneys, The Law Office of Keith Altman, with this Motion for a Protective Order to Use a Pseudonym, and hereby stipulates as follows:

1. Plaintiff filed her Complaint in this case on October 22, 2021.

2. On January 11, 2022, this Court granted the Parties' Joint Stipulation for Leave to File an Amended Complaint.

3. Plaintiff hereby respectfully requests this Court to issue a protective order allowing Plaintiff to use a pseudonym because Plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings. Plaintiff's reasonings are explained further in the "Memorandum in Support of Plaintiff's Motion for a Protective Order to Use a Pseudonym", attached hereto as Exhibit A.

4. Plaintiff's counsel communicated with opposing counsel, explaining the nature of the relief to be sought by way of this motion and seeking concurrence in the relief; opposing counsel denied concurrence.

///

//

///

//

///

//

///

**WHEREFORE** Plaintiff respectfully requests that the Court approve the foregoing motion.

Date: January 18, 2022.                Respectfully Submitted,

Keith Altman, Esq.
The Law Office of Keith Altman
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48334
Telephone: (987) 987-8929
keithaltman@kaltmanlaw.com
*Attorneys for Plaintiff*

## EXHIBIT A

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER TO USE A PSEUDONYM.

Plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings. Generally, a complaint must state the names of all parties. *Fed. R. Civ. P.* 10(a). However, a court may excuse plaintiffs from identifying themselves in certain circumstances. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004).

Courts in the Sixth Circuit look at several factors to determine whether a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings. *Id.* These factors include: (1) whether the plaintiff seeking anonymity is suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiff to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children. *Id. See also Doe v. Sturdivant*, No. 06-10214, 2006 U.S. Dist. LEXIS 115116, at *3 (E.D. Mich. Apr. 7, 2006). Factors 1, 3 and 4 are not

applicable to this case.

Prosecution of this suit with Plaintiff's name would compel Plaintiff to disclose information of the utmost intimacy. *Porter*, 370 F.3d at 560. This case involves personal sexual information about Plaintiff, and this information is of the utmost intimacy. More importantly, *this case involves the repeated sexual assault of Plaintiff*. Plaintiff's identity as a victim of sexual assault is of the utmost intimacy, and it must be protected.

Furthermore, this case involves a Title IX report that Plaintiff filed before the Office for Institutional Equity of the University of Michigan, which is responsible for investigating Title IX complaints and reports of sexual misconduct. Plaintiff is currently a student at the University of Michigan ("UM"), thus, revealing Plaintiff's identity could result in considerable harassment against Plaintiff.

Moreover, the University of Michigan is currently facing public scrutiny and substantial attention from the press due to several sexual assault cases suffered by hundreds of UM students.[1] There is a

---

[1] News articles reporting sexual assault cases at the University of Michigan:

significant probability that this case will be reported by the press, and if this case includes Plaintiff's name, there is a high risk that Plaintiff's identity as a victim of sexual assault will become public information. If Plaintiff's name and status as a victim of sexual assault were to become public information, this could result in considerable harassment against Plaintiff. Plaintiff's privacy interests to protect the utmost intimacy of personal sexual information, and the utmost intimacy of Plaintiff's status as a victim of sexual assault, substantially outweigh the presumption of open judicial proceedings. *Porter*, 370 F.3d 558, 560.

Based on the foregoing, Plaintiff respectfully requests that this Court grant a protective order allowing Plaintiff to use a pseudonym to protect the information of the utmost intimacy.

---

- Dodge, Samuel, "*University of Michigan Title IX director showed 'deliberate indifference' in sexual harassment claim at previous job, judge rules*", MLive, published on January 6, 2022.

- "*University Of Michigan Faces Sex Abuse Case Against Deceased Doctor*", NPR, published on September 26, 2021.

- Bernstein, Lenny, "*In Larry Nassar's shadow, a larger sex abuse case at the University of Michigan*". The Washington Post, published on September 23, 2021.

- "*Sexual misconduct scandals involving University of Michigan staff under independent investigation*", WXYZ, published on July 31, 2020.

- Jesse, David, "*U-M officials knew about sexual misconduct allegations, but didn't act in 3 incidents*", Detroit Free Press, published on February 24, 2020.

Date: January 18, 2022                    Respectfully Submitted,

*[signature]*

Keith Altman, Esq.
The Law Office of Keith Altman
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48334
Telephone: (987) 987-8929
keithaltman@kaltmanlaw.com
A*ttorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

Undersigned hereby states that on January 18, 2022 he caused the foregoing document to be filed electronically with the United States District Court and that a copy of the said document was sent to all counsel of record through the Court's CM/ECF electronic filing system.

*[signature]*

Keith Altman, Esq.