## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| JANE DOE, | Case No. **2:21-cv-12492** |
| Plaintiff, | |
| v. | |
| THE UNIVERSITY OF MICHIGAN, et. al. | |
| Defendants. | |

### REPLY TO DEFENDANTS' RESPONSE TO MOTION FOR A PROTECTIVE ORDER TO USE A PSEUDONYM.

**NOW COMES** Plaintiff JANE DOE by and through her attorneys, The Law Office of Keith Altman, with this Reply to Defendants' Response to Motion for a Protective Order to Use a Pseudonym, and hereby stipulates as follows:

1. Plaintiff filed her Complaint in this case on October 22, 2021.

2. Plaintiff filed a Motion for a Protective Order to Use a Pseudonym ("Plaintiff's Motion") on January 18, 2022 (ECF #7).

3. Defendants filed their Response to Motion for A Protective Order to Use a Pseudonym ("Defendants' Response") on January 26, 2022 (ECF #11). Defendants attached two exhibits to their Response, Exhibit 1 (ECF #11-1) and Exhibit 2 (ECF #11-2) ("Exhibits"). The Exhibits have and disclose Jane Doe's name.

4. On January 27, 2022, Plaintiff's counsel contacted opposing counsel and asked Defendants to withdraw Defendant's Response and redact Plaintiff's name. Defendants refused.

5. Defendants knowingly and in bad faith, attached the Exhibits without redacting Jane Doe's name from the documents. Moreover, Defendants intentionally disclosed Jane Doe's name even though this Court has not yet decided whether to grant Plaintiff a protective order to use a pseudonym.

6. On January 27, 2022, Defendants filed a Notice of Withdrawal of Defendants' Response to Motion for a Protective Order to Use a Pseudonym and Brief in Opposition (ECF #12).

7. On January 31, 2022, Defendants refiled their Response to Motion for a Protective Order to Use a Pseudonym (ECF #13) with Plaintiff's name redacted from the exhibits. However, Defendants

have yet to file a motion to strike the ECF #11 filing. The Exhibits with Plaintiff's name are still on this case's docket.

8. Plaintiff hereby respectfully reiterates her request to this Court to issue a protective order allowing Plaintiff to use a pseudonym because Plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings. Plaintiff's reasonings are explained further in the "Memorandum in Support of Plaintiff's Reply to Defendants' Response to Motion for a Protective Order to Use a Pseudonym", attached hereto as Exhibit A.

**WHEREFORE** Plaintiff respectfully requests that the Court approve the foregoing motion.

Date: February 7, 2022.    Respectfully Submitted,

Keith Altman, Esq.
The Law Office of Keith Altman
33228 West 12 Mile Road
Suite 375
Farmington Hills, Michigan 48334
Telephone: (987) 987-8929
keithaltman@kaltmanlaw.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

Undersigned hereby states that on February 7, 2022, he caused the foregoing document to be filed electronically with the United States District Court and that a copy of the said document was sent to all counsel of record through the Court's CM/ECF electronic filing system.

Keith Altman, Esq.

# EXHIBIT A

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S REPLY TO DEFENDANT'S MOTION FOR A PROTECTIVE ORDER TO USE A PSEUDONYM.

**A. Plaintiff's Privacy Interests Substantially Outweigh the Presumption of Open Judicial Proceedings Because Plaintiff Seeks to Protect Information of The Utmost Intimacy.**

Defendants erroneously argue that because Plaintiff was sued by Dr. Schoenfeld (her rapist) in California and such lawsuit resulted in Plaintiff signing a retraction (which Plaintiff signed under duress), that revealing Plaintiff's identity would not reveal information of the utmost privacy[1]. This is incorrect. Defendants' arguments regarding the California defamation case are irrelevant to the present issue. Moreover, it is important to note that Defendants wrongfully use their Response to argue the merits of this case, which is procedurally unsound.

---

[1] Jane Doe was sued by her rapist, Dr. Schoenfeld, in California. Jane Doe counter-sued Dr. Schoenfeld. That case was settled. Jane Doe signed a retraction of her claims *under duress*. However, prior to Jane Doe's forced retraction, ***Jane Doe submitted a sworn declaration under penalty of perjury before the California court***, bravely telling the events of what happened to her and how Dr. Schoenfeld raped and abused her.

> *i. Defendants have conceded to several of Plaintiff's arguments because Defendants failed to oppose most of Plaintiff's arguments.*

When a party addresses only certain arguments in the party's response brief, and fails to oppose others, a court may treat those arguments that the party failed to address as conceded. *Garmou v. Kondaur Capital Corp.*, No. 15-12161, 2016 U.S. Dist. LEXIS 85094 (E.D. Mich. June 30, 2016).

Defendants failed to oppose or even address most of Plaintiff's arguments in Plaintiff's Motion and simply argue that because of a retraction signed by Plaintiff in a different case, Plaintiff has no privacy interest. (ECF #13).

In Plaintiff's Motion, Plaintiff argues how this case involves a Title IX report that Plaintiff filed before the Office for Institutional Equity of the University of Michigan, which is responsible for investigating Title IX complaints and reports of sexual misconduct. (ECF #7). Plaintiff also argues that she is currently a student at the University of Michigan ("UM"), thus, revealing Plaintiff's identity could result in considerable

harassment against Plaintiff. (ECF #7). Defendants failed to address or oppose these arguments.

Plaintiff further argues that the University of Michigan is currently facing public scrutiny and substantial attention from the press due to several sexual assault cases suffered by hundreds of UM students.[2] *Id*. Plaintiff argues that there is a significant probability that this case will be reported by the press, and if this case includes Plaintiff's name, there is a high risk that Plaintiff's identity as a victim of sexual assault will become public information. *Id*. Defendants failed to address or oppose these arguments.

Plaintiff also argues that if Plaintiff's name and status as a victim of sexual assault were to become public information, this could result in

---

[2] News articles reporting sexual assault cases at the University of Michigan:

- Dodge, Samuel, "*University of Michigan Title IX director showed 'deliberate indifference' in sexual harassment claim at previous job, judge rules*", MLive, published on January 6, 2022.

- "*University Of Michigan Faces Sex Abuse Case Against Deceased Doctor*", NPR, published on September 26, 2021.

- Bernstein, Lenny, "*In Larry Nassar's shadow, a larger sex abuse case at the University of Michigan*". The Washington Post, published on September 23, 2021.

- "*Sexual misconduct scandals involving University of Michigan staff under independent investigation*", WXYZ, published on July 31, 2020.

- Jesse, David, "*U-M officials knew about sexual misconduct allegations, but didn't act in 3 incidents*", Detroit Free Press, published on February 24, 2020.

considerable harassment against Plaintiff. *Id.* Defendants failed to address or oppose this argument.

Defendant has conceded that: 1) Plaintiff is currently a student at UM and thus, revealing Plaintiff's identity could result in considerable harassment against Plaintiff; 2) UM is currently facing public scrutiny and substantial attention from the press due to several sexual assault cases suffered by hundreds of UM students; 3) there is a significant probability that this case will be reported by the press, and if this case includes Plaintiff's name, there is a high risk that Plaintiff's identity as a victim of sexual assault will become public information; and 4) if Plaintiff's name and status as a victim of sexual assault were to become public information, this could result in considerable harassment against Plaintiff.

### B. Conclusion

Plaintiff's privacy interests to protect the utmost intimacy of personal sexual information, and the utmost intimacy of Plaintiff's status as a victim of sexual assault, substantially outweigh the presumption of open judicial proceedings. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004).

Based on the foregoing, Plaintiff respectfully requests that this Court grant a protective order allowing Plaintiff to use a pseudonym to protect information of the utmost intimacy.

Date: February 7, 2022

Respectfully Submitted,

Keith Altman, Esq.
The Law Office of Keith Altman
33228 West 12 Mile Road - Suite 375
Farmington Hills, Michigan 48334
Telephone: (248) 987-8929
keithaltman@kaltmanlaw.com
*Attorneys for Plaintiff*