UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOE,

          Plaintiff,

             v.

UNIVERSITY OF MICHIGAN, ET AL.,

          Defendants.

Case No. 21-12492

SHALINA D. KUMAR
U. S. DISTRICT JUDGE

ELIZABETH A. STAFFORD
U. S. MAGISTRATE JUDGE

_____/

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR PROTECTIVE ORDER TO USE PSEUDONYM [7]**

Plaintiff Jane Doe alleges that Defendants, the University of Michigan and several university employees, failed to respond appropriately to her report of sexual misconduct by an adjunct professor, in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681. Compl ¶ 43. Plaintiff also brings negligence claims against two of the employees. *Id.* at ¶¶ 46-47. Before the Court is Plaintiff's motion for a protective order allowing her to use a pseudonym in these proceedings. ECF No. 7. Defendants responded opposing this request on January 31, 2022. ECF No. 13. Plaintiff replied on February 7, 2022. ECF No. 15.

Generally, a complaint must state the names of all parties. Fed. R. Civ. P. 10(a). However, the Court may excuse plaintiffs from identifying themselves in certain circumstances. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). A plaintiff seeking to proceed under a pseudonym must show that their privacy interests substantially outweigh the presumption of open judicial proceedings. *Id.* The Court considers several factors to make this determination: (1) whether the plaintiff seeking anonymity is suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiff to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children. *Id.*

Plaintiff argues that the third factor is applicable here because the litigation will compel her to disclose sensitive information. ECF No. 7, PageID.33. This sensitive information may include allegations of repeated instances of sexual assault, her contraction of a sexually transmitted infection, and offers of money and professional opportunities in exchange for sexual favors. *Id.*; Compl. ¶¶ 23-24, 20-22, 26-28. Plaintiff argues this constitutes information "of the utmost intimacy." *Id.* The Court agrees. Plaintiff is also concerned that this case may receive press attention, making her identity and allegations a matter of public knowledge, further

compromising her privacy and subjecting her to the risk of harassment. *Id.* at PageID.33-34.

Defendants' arguments against this motion are without merit. After Plaintiff began making allegations against him, the alleged perpetrator in the Title IX report underlying this case brought a defamation suit against her in California. Plaintiff did not use a pseudonym in those proceedings. *See* ECF No. 13-1, PageID.124. In order to settle that case, Plaintiff sent written statements to several private parties retracting some of her allegations against the alleged perpetrator. *See, e.g.*, ECF No. 13-2, PageID.152-53. Defendants argue that Plaintiff no longer has legitimate privacy interests in the assault allegations underlying this claim, because she proceeded without a pseudonym and retracted her assault allegations in the California litigation. ECF No. 13, PageID.120-21.

The Court rejects these arguments. Private retractions issued in order to settle a defamation claim are not relevant to this motion, though they may be relevant to the merits of the case. Plaintiff's decision to proceed without a pseudonym in California does not render futile her argument that she needs one now. Plaintiff's identity and the details of her allegations may be accessible in state court records, but they do not appear to have been covered in the media. They are neither easily accessible nor widely known to the general public. Given the significant press

attention Title IX lawsuits against the University of Michigan frequently received in this district, this is likely to change if Plaintiff is not allowed to use a pseudonym in this case. The press will probably cover this case, and if Plaintiff is named, her name will probably be used. There is a meaningful difference between having one's name mentioned in court records and having one's identity publicly revealed in major local media outlets. The risk of public humiliation or harassment is exacerbated by the fact that Plaintiff is currently a student at the University she is suing, and by the highly sensitive nature of the allegations involved in this case. ECF No. 7, PageID.33. Thus, even though Plaintiff proceeded without using a pseudonym in a previous related case, she retains significant privacy interests in the instant litigation. These privacy interests substantially outweigh the presumption of open judicial proceedings. *See Doe v. Porter*, 370 F.3d 558 (6th Cir. 2004).

To protect these privacy interests, the Court will issue a protective order allowing Plaintiff to proceed under a pseudonym through the close of discovery, at which point the Court will evaluate, upon motion, whether the protective order should be extended.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for a Protective Order to Use a

Pseudonym [7] is **GRANTED** through the close of discovery

**SO ORDERED**.

                                        s/Shalina D. Kumar
                                        Shalina D. Kumar
Dated: March 9, 2022                    United States District Judge