## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF MICHIGAN

JANE DOE,

      Plaintiff,                 Case No:  21-CV-12492

v.                             Hon. Shalina D. Kumar
                                   Magistrate Judge Elizabeth A. Stafford

UNIVERSITY OF MICHIGAN, et al.,

      Defendants.

_____/

| | |
|---|---|
| Keith Altman (P81702) | Thomas L. Kent (P55863) |
| The Law Office of Keith Altman | THE UNIVERSITY OF MICHIGAN |
| 33228 West 12 Mile Road - Suite 375 | OFFICE OF THE VICE PRESIDENT & |
| Farmington Hills, MI 48334 | GENERAL COUNSEL |
| (516) 456-5885 | 1109 Geddes Avenue |
| keithaltman@kaltmanlaw.com | Ruthven Building, Suite 2300 |
| *Attorney for Plaintiff* | Ann Arbor, MI 48109-1079 |
| | (734) 764-0304 |
| | tomkent@umich.edu |
| | *Attorneys for Defendants* |

_____/

## DEFENDANTS' MOTION TO DISMISS
## PURSUANT TO FRCP 12

Defendants, by and through their counsel, the Office of the Vice President and General Counsel of the University of Michigan, move this Court for dismissal pursuant to FRCP 12 for the reasons stated in the accompanying Brief.

Respectfully submitted,

THE UNIVERSITY OF MICHIGAN
OFFICE OF THE VICE PRESIDENT
& GENERAL COUNSEL


By:     /s/ *Thomas L. Kent*
          Thomas L. Kent (P55863)
          1109 Geddes Avenue
          Ruthven Building, Suite 2300
          Ann Arbor, MI 48109-1079
          (734) 764-0304
          tomkent@umich.edu

Dated:  May 25, 2022       *Attorneys for Defendants*


## CERTIFICATE OF SERVICE

STATE OF MICHIGAN     )
                     ) ss
COUNTY OF WASHTENAW     )

I hereby certify that on May 25, 2022, I electronically filed *Defendants' Motion to Dismiss Pursuant to FRCP 12* with the Clerk of the Court using the ECF System.


By:     /s/ *Jennifer L. Traver*
          Jennifer L. Traver
          Legal Assistant

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF MICHIGAN

JANE DOE,

     Plaintiff,

v.

UNIVERSITY OF MICHIGAN, et al.,

     Defendants.

Case No:  21-CV-12492

Hon. Shalina D. Kumar
Magistrate Judge Elizabeth A. Stafford

_____/

| | |
|---|---|
| Keith Altman (P81702)<br>The Law Office of Keith Altman<br>33228 West 12 Mile Road - Suite 375<br>Farmington Hills, MI 48334<br>(516) 456-5885<br>keithaltman@kaltmanlaw.com<br>*Attorney for Plaintiff* | Thomas L. Kent (P55863)<br>THE UNIVERSITY OF MICHIGAN<br>OFFICE OF THE VICE PRESIDENT &<br>GENERAL COUNSEL<br>1109 Geddes Avenue<br>Ruthven Building, Suite 2300<br>Ann Arbor, MI 48109-1079<br>(734) 764-0304<br>tomkent@umich.edu<br>*Attorneys for Defendants* |

_____/

## DEFENDANTS' BRIEF IN SUPPORT OF
## MOTION TO DISMISS PURSUANT TO FRCP 12

## <u>TABLE OF CONTENTS</u>

TABLE OF CONTENTS .................................................................................................... ii

INDEX OF AUTHORITIES ............................................................................................ iv

ISSUES PRESENTED ..................................................................................................... vii

CONTROLLING AND MOST APPROPRIATE AUTHORITIES ............................................ viii

INDEX OF EXHIBITS ...................................................................................................... viii

I.      BACKGROUND ............................................................................................... 1

        A.      Preface ................................................................................................ 1

        B.      Facts and Claims  ............................................................................. 2

II.     ARGUMENT .................................................................................................... 3

        A.      Standard of Review for FRCP 12(b)(1) and 12(b)(6) ............................. 3

        B.      Plaintiff Lacks Standing to Bring a Title IX Claim against the University
                Because She Was Not an Enrolled UM Student or Employee During the
                Relevant Times in Her Complaint .............................................................. 5

        C.      Even if Plaintiff Has Standing, Both Her Title IX Claim Against the University
                and §1983 Claims Against the Individual Defendants Are Time Barred ............... 9

        D.      Even if Plaintiff Had Standing and Even if Her Claim Was Not Time
                Barred, Her Amended Complaint Fails to State a Claim of Deliberate
                Indifference Under Title IX Because She Has Failed to Allege Post-Actual
                Knowledge Harassment ................................................................................. 11

        E.      There Is No Individual Liability Under Title IX.  Plaintiff's §1983 Claims
                Against the Individual Defendants Cannot Be Based Upon a Violation of
                Title IX and Therefore Must Be Dismissed for Failure to State a Claim ............. 13

        F.      Even if Plaintiff Could Use Alleged Title IX Violations as the Basis for
                her §1983 Claims Against the Individual Defendants, and Even if Those
                Claims Were Not Time Barred, Individual Defendants Are Entitled to
                Qualified Immunity .................................................................................... 15

G.      As Plaintiff's Federal Claims Fail, this Court Should Not Retain Jurisdiction
        Over Plaintiff's State Law Claims, Which Are Otherwise Barred by State Law
        Immunity and Failure to Provide Notice Pursuant to the Michigan Court of
        Claims Act. ....................................................................................................16

III.   RELIEF REQUESTED.................................................................................... 17

CERTIFICATE OF SERVICE ................................................................................. 17

# **INDEX OF AUTHORITIES**

**Cases**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ................................................... 9

*Arocho v. Ohio Univ.,* 469 F. Supp. 3d 795 (S.D. Ohio 2020), *reconsideration denied,*
   No. 2:19-CV-4766, 2020 WL 6949098 (S.D. Ohio Oct. 28, 2020) ................................. *passim*

*Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) .................................. 3

*Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426 (6th Cir. 2008) ................................ 4

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct 1955, 167 L.Ed.2d 929 (2007) ............. 3

*Cartwright v. Garner*, 751 F.3d 752 (6th Cir. 2014) ....................................................... 3

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) .............................................................. 9

*Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365 (6th Cir. 2011) ........................ 4

*Cox v. Sugg,* 484 F.3d 1062 (8th Cir. 2007) ................................................................ 14

*Crandell v. New York Coll. of Osteopathic Med.,* 87 F. Supp. 2d 304 (S.D.N.Y. 2000) .............. 8

*Davis v. Monroe Cty. Bd. Of Ed.,* 526 U.S. 629 (1999)........................................... *passim*

*Dibbern v. Univ. of Michigan*, No. 12-15632, 2013 WL 6068808, at *7
   (E.D. Mich. Nov. 18, 2013) .............................................................................. 10

*DLX, Inc. v. Commonwealth of Kentucky*, 381 F.3d 511 (6th Cir. 2004)....................................... 2

*Doe v. Centreville Pub. Sch.,* No. 1:17-CV-317, 2019 WL 10890258,
   (W.D. Mich. Apr. 29, 2019)............................................................................. 11

*Doe v. Univ. of Kentucky*, 959 F.3d 246 (6th Cir. 2020) ...................................... viii, 12

*Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 167 L.Ed.2d 1081 (2007) .............................. 4

*Evans et al, v. City of Ann Arbor, et al., Defendants. Additional Party Names: Prop. Mgmt.
   Specialists, Inc.,* No. 21-10575, 2022 WL 586753 (E.D. Mich. Feb. 25, 2022) ...................... 9

*Fitzgerald v. Barnstable School Committee*, 555 U.S. 246, 129 S. Ct. 788,
   172 L.Ed.2d 582 (2009).............................................................................. 13, 14

*Forrester v. Clarenceville Sch. Dist.,* No. 20-12727, 2021 WL 1812700
   (E.D. Mich. May 6, 2021) ........................................................................ xiii, 8

*Garza v. Lansing Sch. Dist.*, 972 F.3d 853 (6th Cir. 2020) .................................... xiii, 10

*Gebser v. Lago Vista Independent School District*, 524 U.S. 274 (1998) ........................... *passim*

*GEICO Corp. v. Autoliv, Inc.,* 345 F.Supp.3d 799 (E.D. Mich. 2018) ........................................ 9

*Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982) ..................... xiii, 15

*Harper v. Auto Alliance International, Inc.*, 392 F.3d 195 (6th Cir. 2004) ................................ 16

*Jane Doe v. Brown University*, 270 F. Supp. 3d 556 (D.R.I. 2017),
   *aff'd,* 896 F.3d 127 (1st Cir. 2018) ....................................................................... *passim*

*K.T. v. Culver-Stockton Coll.,* No. 4:16-CV-165 CAS, 2016 WL 4243965
   (E.D. Mo. Aug. 11, 2016), *aff'd,* 865 F.3d 1054 (8th Cir. 2017) ....................................... *passim*

*Lillard v. Shelby County Board of Ed.*, 76 F.3d 716 (6th Cir. 1996) ..................................... xiii, 9

*Lipian v. Univ. of Michigan,* 453 F. Supp. 3d 937 (E.D. Mich. 2020), *motion to certify appeal
   denied,* No. 18-13321, 2020 WL 3402013 (E.D. Mich. June 19, 2020) ................................. 15

*Lujan v. Defs. of Wildlife*, 504 U.S. 555, 112 S. Ct. 2130, 119 L.Ed.2d 351 (1992) ..................... 5

*Malley v. Briggs,* 475 U.S. 335, 106 S. Ct. 1092, 89 L.Ed.2d 271 (1986) .................................. 15

*McCoy v. Bd. of Educ., Columbus City Schs.*, 515 F. App'x 387 (6th Cir. 2013) ....................... 12

*Moon v. Harrison Piping Supply*, 465 F.3d 719 (6th Cir. 2006) .................................................. 16

*Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439 (6th Cir. 1993) ....................................... 9

*Mullenix v. Luna*, 577 U.S. 7, 136 S. Ct. 305, 193 L.Ed.2d 255 (2015) ..................................... 15

*New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046 (6th Cir. 2011) ................... 4

*Packard v. Farmers Insurance Co. of Columbus*, 423 Fed. Appx. 580 (6th Cir. 2011) ........ xiii, 16

*RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125 (6th Cir. 1996) ............................ 3

*Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673 (6th Cir. 2011) .......................................... 4

*Rosen v. Tenn. Comm'r of Fin. & Admin.*, 288 F.3d 918 (6th Cir. 2002) ..................................... 5

*Seamons v. Snow,* 84 F.3d 1226 (10th Cir. 1996) .......................................................... 14

*Warth v. Seldin*, 422, U.S. 490 (1975) ........................................................................... 5

*White v. Am. Educ. Servs.,* No. 2:21-CV-10349, 2021 WL 6340986,
     at *2 (E.D. Mich. Dec. 22, 2021), *report and recommendation adopted*, No. 21-10349, 2022
     WL 94896 (E.D. Mich. Jan. 10, 2022) ..................................................................... 3

*Wilkerson v. Univ. of N. Texas*, 223 F. Supp. 3d 592 (E.D. Tex. 2016) ......................... viii, 13, 14

*Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282 (11th Cir. 2007) ................. 12, 14

## Statutes

42 U.S.C §1983 .................................................................................................. *passim*

28 U.S.C. §1367 ........................................................................................................ 16

## Other Authorities

FRCP 12(b)(1) ........................................................................................................... 3

FRCP 12(b)(6) ........................................................................................................... 9

FRCP 8(c) .................................................................................................................. 9

FRCP Rule 11 ........................................................................................................... 2

## ISSUES PRESENTED

I.    Should Plaintiff's Title IX claim against the University of Michigan ("University") be dismissed because she lacks standing to bring a Title IX claim against the University?

Defendants Answer:      Yes
This Court Should Answer:  Yes


II.    Should Plaintiff's Title IX claim against the University and §1983 claims against the individual Defendants be dismissed because they are time barred?

Defendants Answer:      Yes
This Court Should Answer:  Yes


III.    Should Plaintiff's Title IX claim against the University be dismissed because she fails to allege facts establishing that the University was "deliberately indifferent" to her Title IX rights?

Defendants Answer:      Yes
This Court Should Answer:  Yes


IV.    Should Plaintiff's §1983 claims against the individual defendants be dismissed because they are based upon alleged violations of Title IX and nothing else?

Defendants Answer:      Yes
This Court Should Answer:  Yes


V.    Should Plaintiff's §1983 claims against the individual defendants be dismissed based on qualified immunity because no constitutional violation has been alleged?

Defendants Answer:      Yes
This Court Should Answer:  Yes


VI.    Should this Court retain supplemental jurisdiction over Plaintiff's State law claims?

Defendants Answer:      No
This Court Should Answer:  No

## <u>CONTROLLING AND MOST APPROPRIATE AUTHORITIES</u>

*Arocho v. Ohio Univ.,* 469 F. Supp. 3d 795 (S.D. Ohio 2020), *reconsideration denied,*
No. 2:19-CV-4766, 2020 WL 6949098 (S.D. Ohio Oct. 28, 2020)

*Davis v. Monroe Cty. Bd. Of Ed.,* 526 U.S. 629 (1999)

*Doe v. Univ. of Kentucky*, 959 F.3d 246 (6th Cir. 2020)

*Jane Doe v. Brown University*, 270 F. Supp. 3d 556 (D.R.I. 2017),
*aff'd,* 896 F.3d 127 (1st Cir. 2018)

*Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)

*Forrester v. Clarenceville Sch. Dist.,* No. 20-12727, 2021 WL 1812700 (E.D. Mich. May 6, 2021)

*Garza v. Lansing Sch. Dist.*, 972 F.3d 853, n.8 (6th Cir. 2020)

*Gebser v. Lago Vista Independent School District*, 524 U.S. 274 (1998)

*K.T. v. Culver-Stockton Coll.,* No. 4:16-CV-165 CAS, 2016 WL 4243965
(E.D. Mo. Aug. 11, 2016), *aff'd,* 865 F.3d 1054 (8th Cir. 2017)

*Lillard v. Shelby County Board of Ed.*, 76 F.3d 716 (6th Cir. 1996)

*Packard v. Farmers Insurance Co. of Columbus*, 423 Fed. Appx. 580 (6th Cir. 2011)

*Wilkerson v. Univ. of N. Texas*, 223 F. Supp. 3d 592 (E.D. Tex. 2016)

## <u>INDEX OF EXHIBITS</u>

Exhibit 1 - Maki and Schroeder Declarations ................................................................. 2

Exhibit 2 - Complaint and Counterclaim in California Superior Court ......................... 2

Exhibit 3 - Letters and Retraction ................................................................................. 2

# I.  BACKGROUND

## A.      Preface

Plaintiff filed her initial Complaint on October 22, 2021. Due to deficiencies in the pleadings, the parties agreed to a stipulation and order to allow Plaintiff to amend her Complaint, and reserving the right to amend again, if necessary as a matter of course. (ECF No. 6).  **On January 25, 2022, Plaintiff filed a First Amended Complaint alleging:**

- a violation of Title IX against the University of Michigan ("University");

- a violation of Title IX under 42 U.S.C. §1983 against individual Defendants Baum, Seney, Gyetko and Owyang; and

- state law negligence against individual Defendants Baum and Seney.

On March 9, 2022, this court granted Plaintiff's motion to proceed as Jane Doe.  On March 10, 2022, Defendants filed a Motion to Dismiss all counts.  Plaintiff did not respond to that motion, but instead filed a Second Amended Complaint on May 6, 2022. Plaintiff's Second Amended Complaint added another Title IX Count against a new party **University of Michigan Health System**,[1]  followed by a summons on May 9, 2022. However, Plaintiff has stipulated to the dismissal of UMHS and the related Count in her Second Amended Complaint, and an order will be prepared for entry.

In sum, Plaintiff's Second Amended Complaint did not cure, or even address, any of the defenses raised in Defendants' Motion to Dismiss that are fatal to her Complaint.  For this reason, Defendants' now resubmit their Motion to Dismiss.

---

[1] UMHS became "Michigan Medicine" in 2017.  Michigan Medicine is a branding name and a wholly owned subsidiary of the University of Michigan, for which the correct institutional name to sue and be sued is "Board of Regents of the University of Michigan." Michigan Medicine does not have a legal identity separate from the Board of Regents of the University of Michigan.

**B.      Facts and Claims**

This case involves a personal relationship Plaintiff had many years ago with Dr. Philip Schoenfeld, who had a dry adjunct appointment at UM that ended in August 2018. During the time of their personal relationship, and all other times in the Amended Complaint, Plaintiff had no student, employment or other programmatic relationship with UM. (*See,* Maki and Schroeder Declarations, Ex 1). After the relationship ended, Plaintiff engaged in a campaign of ruinous and defamatory accusations against Dr. Schoenfeld that resulted in a defamation lawsuit against her. (*See,* Complaint and Counterclaim in California Superior Court, Ex 2). As part of the resolution of that lawsuit, Plaintiff retracted, in a signed and notarized writing, the very allegations on which she now relies to support her claims against Defendants. Plaintiff's retraction was published to six UM employees. (*See*, Letters and Retraction, Ex 3).

For the reasons below, Plaintiff's claim against the University must be dismissed in its entirety for lack of jurisdiction and failure to state a claim because Plaintiff lacks standing to bring a Title IX private action for damages, her claim is barred by the statute of limitations, and she has failed to plead facts supporting her claim that the University was deliberately indifferent to her rights under Title IX. Specifically, Plaintiff has failed to plead any facts of post-actual knowledge harassment.

Likewise, Plaintiff's claims against the individual Defendants are time-barred and must also be dismissed because there is no individual liability under Title IX, and she cannot legally nest a Title IX claim as a §1983 violation. Therefore, Defendants respectfully request that this Court grant Defendants' Motion to Dismiss in its entirety, with prejudice together with an award of costs and fees under FRCP Rule 11, and further request that this Court decline to exercise supplemental jurisdiction over the remaining state claims.

## II. ARGUMENT

### A.    Standard of Review for FRCP 12(b)(1) and 12(b)(6)

A motion to dismiss for lack of standing is properly characterized as a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *White v. Am. Educ. Servs.,* No. 2:21-CV-10349, 2021 WL 6340986, at *2 (E.D. Mich. Dec. 22, 2021), *report and recommendation adopted*, No. 21-10349, 2022 WL 94896 (E.D. Mich. Jan. 10, 2022). Pursuant to *Cartwright v. Garner*, 751 F.3d 752, 759–60 (6th Cir. 2014), in the case of a factual attack, this Court has broad discretion with respect to what evidence to consider in deciding whether subject matter jurisdiction exists, *including evidence outside of the pleadings*, and has the power to weigh the evidence and determine its effect on the Court's authority to hear the case. Plaintiff bears the burden of establishing that subject matter jurisdiction exists. *DLX, Inc. v. Commonwealth of Kentucky,* 381 F.3d 511, 516 (6th Cir. 2004).

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955).

Additionally, to survive a Rule 12(b)(6) motion, the complaint must contain specific factual allegations, and not just legal conclusions, in support of each claim. *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. A complaint is subject to dismissal unless, when all well-pled factual allegations are accepted as true, the complaint states a "plausible claim for relief." *Id.* at 679. In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L.Ed.2d 1081 (2007). This presumption, however, is not applicable to legal conclusions. *Iqbal*, 556 U.S. at 668, 129 S. Ct. 1937. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955). Moreover, the Sixth Circuit has emphasized that the "combined effect of *Twombly* and *Iqbal* [is to] require [a] plaintiff to have a greater knowledge . . . of factual details in order to draft a 'plausible complaint.'" *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011) (citation omitted). Put another way, complaints must contain "plausible statements as to when, where, in what or by whom," in order to avoid merely pleading an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 373 (6th Cir. 2011) and *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937.

The Sixth Circuit has also held that when considering a Rule 12(b)(6) motion, "a court may consider 'exhibits attached [to the complaint], public records, items appearing in the record of the case, and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein,' without converting the motion to one for summary judgment." *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680-81 (6th Cir. 2011) (*quoting Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). For this reason, Defendants have included as exhibits Plaintiff's prior written retractions of the

4

very allegations she has made in her First Amended Complaint, as well as Declarations establishing conclusively that Plaintiff has no standing to bring a Title IX claim against the University.

**B.      Plaintiff Lacks Standing to Bring a Title IX Claim against the University Because She Was Not an Enrolled UM Student or Employee During the Relevant Times in Her Complaint**

Standing to pursue a claim is a threshold question in every federal case. *Warth v. Seldin*, 422, U.S. 490, 498 (1975).  "The burden of establishing standing is on the party seeking federal court action." *Rosen v. Tenn. Comm'r of Fin. & Admin.*, 288 F.3d 918, 927 (6th Cir. 2002) (*citing Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61, 112 S. Ct. 2130, 119 L.Ed.2d 351 (1992)).

Several federal courts have definitively ruled on the issue of a non-student suing a federally funded educational institution for violations of Title IX.  In *Arocho v. Ohio Univ.,* 469 F. Supp. 3d 795 (S.D. Ohio 2020), *reconsideration denied,* No. 2:19-CV-4766, 2020 WL 6949098 (S.D. Ohio Oct. 28, 2020), the plaintiff, as in this case, never alleged that she attended Ohio University or any of the Ohio University programs associated with her high school. However, she argued that she was a participant in an Ohio University sponsored *activity*—career day. The court agreed with Ohio University that the "program" plaintiff participated in was "a far cry from the educational opportunities Congress sought to protect through passage of Title IX." *Id.* at 800.  After careful analysis of a long line of cases, the *Arocho* court held:

> Based on the aforementioned line of cases, Plaintiff has not alleged that "she was a student at an educational institution receiving federal funds" — specifically, that she was a student at Ohio University—and thus was entitled to the protection of Title IX for the allegations she makes here. Participation in a career day, even if sexual assault by one of the presenters allegedly follows, is not the type of "systemic effect" that "denies its victims equal access to the education that Title IX is designed to protect." *[Citations omitted].*[2]

---

[2]  The court also reiterated that Title IX does not allow for claims based on *respondent superior*. *Id.* at 801.

Similarly, in *K.T. v. Culver-Stockton Coll.,* No. 4:16-CV-165 CAS, 2016 WL 4243965 (E.D. Mo. Aug. 11, 2016), *aff'd,* 865 F.3d 1054 (8th Cir. 2017), a high school soccer recruit was invited to visit the school's campus as part of an "athletic activity" that was "sponsored and promoted by Culver-Stockton College."  While she was on campus, *K.T.* was sexually assaulted at the Lambda Chi Alpha fraternity house by a student enrolled at the college.  Although *K.T.* was not herself yet a student at the university, she reported the incident to law enforcement and attempted to file a complaint under the school's Title IX policy, but Culver-Stockton College never commenced an investigation.  *K.T.* ultimately initiated a lawsuit against the school in "response to the alleged assault" and the school's "failure to investigate and provide guidance, counseling, and treatment" under a theory of deliberate indifference under Title IX of the Education Amendments of 1972. *Id.* at 4-6.

The district court dismissed her complaint for failure to state a claim upon which relief can be granted, holding that the court lacked standing to sue the school because she was never actually a student at that institution.  The court found *K.T.'s* non-student status precluded her from asserting a claim for "student-on-student" harassment established by the Supreme Court in *Davis v. Monroe Cty. Bd. Of Ed.,* 526 U.S. 629 (1999*)*.  Additionally, the court was not persuaded by the plaintiff's argument that because she was invited by the College to visit campus as a potential student-athlete recruit, that she was protected by Title IX's underlying policy of protecting against sexual violence. Rather, the court agreed with defendant's position, explaining, "[t]he Court in independent research has been unable to find any cases that directly address the issue whether a non-student can assert a claim for student-on-student harassment under Title IX." *Id.* at 5.

In analyzing the issue of standing, the court looked directly to the statutory language of Title IX.  Finding nothing in the plain language of the statute itself and refusing to interpret the

"any person" language as inclusive of non-students, the court relied on the Supreme Court's decision in *Davis* to arrive at its holding that Title IX's protections in the context of student-on-student harassment are limited to students.  The court also disagreed with the plaintiff's argument that any person invited to visit a college campus would have standing to sue for student-on-student harassment under Title IX, because it "would impermissibly expand the law's scope beyond the limited right of action recognized by the Supreme Court that requires a 'systemic effect on educational programs or activities.'" *Id.*

A subsequent federal district court case decided in Rhode Island involving a Brown University student and a non-student had a similar outcome.  In *Jane Doe v. Brown University*, 270 F. Supp. 3d 556, 562 (D.R.I. 2017), *aff'd*, 896 F.3d 127 (1st Cir. 2018), the plaintiff met three Brown University student football players at a local bar, off campus, in downtown Providence.  The students allegedly drugged the plaintiff, who was a student a different school, and later sexually assaulted her at a Brown University dorm.  Months following the assault, *Jane Doe* contacted both *Brown University* and Providence law enforcement, and she also attempted to file a complaint under the university's Title IX policy on sex discrimination.

*Brown* initially agreed to pursue an investigation into her complaint under the student code, but refused to do so under Title IX.  Ultimately, "*Brown* informed her that it never completed the inquiry concerning her assault and abandoned any disciplinary action against the three Brown students." The court relied on *Culver-Stockton*, referring to it as the "only" published opinion that the Court or the parties could find," and held that the non-student plaintiff had no right to sue Brown given her status as an outsider to the school.  *Id.* at 562.

In its analysis, the court found that "[t]he developing case law has designated only two categories of protected individuals: enrolled students and school employees." *Id* at 560. Because

of the limited case law and the fact that non-student standing was an issue of first impression, the *Doe* Court looked to the legislative history of Title IX for further guidance on how to resolve the question of whether a school is liable to an individual who is not enrolled as a student at the institution.  That history revealed a statement made by the sponsor and author of Title IX, Senator Birch E. Bayh, who identified three different kinds of discrimination considered under the statute: "We are dealing with discrimination in admission to an institution, *discrimination of available services or studies within an institution once students are admitted* and discrimination in employment within an institution, as a member of a faculty or whatever."  *Id.* at 561. Thus, because the plaintiff was not actually enrolled at Brown, the school exercised no "control or influence" over her educational programs, and therefore the discrimination and sexual violence she alleged did not occur within such a context.  The court stated:

> Ms. Doe was not a student at Brown University and therefore Brown's acts or failures to act could not have prevented her from getting an education at Providence College, where Brown does not have any control or influence over the educational programs in which Ms. Doe was enrolled.  *Id.* at 562.

In sum, the net effect of *Davis, Gebser*, *Arocho, K.T.* and *Doe* forecloses non-students, including Plaintiff, from accessing a private right of action under Title IX. Plaintiff was not a student at UM during the pertinent times in the Amended Complaint and had no other programmatic relationship with UM.  In her Amended Complaint, Plaintiff claims that in the Winter and Summer of 2015, "John Doe" gave her "an internship at the University of Michigan Taubman Center"[3] to help her "gain admission to the University of Michigan School of Medicine." (Page ID.46).  She further alleges that "John Doe" (Dr. Schoenfeld) gave her an internship without any background check, HIPAA screening, or ID and asked Plaintiff to lie to University staff and

---

[3] Allegations of sexual harassment during a paid postgraduate medical internship are not actionable under Title IX. *Crandell v. New York Coll. of Osteopathic Med.*, 87 F. Supp. 2d 304 (S.D.N.Y. 2000).

state she was a "family friend" (PageID.47).  Finally, Plaintiff alleges that the "internship" ended

when "John Doe" rejected her request for a recommendation letter.  *Id.*

It is undisputed that Plaintiff was never an employee or student of UM during any of the

time periods of her Amended Complaint.  At best, even if there was some informal, unauthorized

mentoring relationship with "John Doe" (which Plaintiff calls an "internship")[4], it ended in the

Summer 2015 - over 6 years prior to filing this lawsuit, making her current claims untimely for the

reasons addressed in Part II, *infra*.  The allegations in the Amended Complaint certainly do not

state the type of programmatic or employment relationship required by law to sustain a Title IX

claim, and for this reason, Plaintiff lacks standing and this Court lacks subject-matter jurisdiction.

**C.    Even if Plaintiff Has Standing, Both Her Title IX Claim Against the University and §1983 Claims Against the Individual Defendants Are Time Barred**

FRCP 8(c) requires a party to assert certain affirmative defenses, including

the statute of limitations, when responding to a pleading. The purpose of the rule "is to give the

opposing party notice of the affirmative defense and a chance to rebut it." *Moore, Owen, Thomas*

*& Co. v. Coffey*, 992 F.2d 1439, 1445 (6th Cir. 1993).   Dismissal under FRCP 12(b)(6) is

appropriate where the allegations in the complaint affirmatively show that the claim is time-barred.

*GEICO Corp. v. Autoliv, Inc.,* 345 F.Supp.3d 799, 834 (E.D. Mich. 2018).   For the purpose of

§1983, Title IX, and equal protection claims, federal courts apply the state statute

of limitations applicable to personal injury actions. *Lillard v. Shelby County Board of Ed.,* 76 F.3d

---

[4] UM has no records of Plaintiff being an employee, student or intern, or having any type of programmatic relationship with UM during any of the time periods in her Amended Complaint. The burden falls upon the nonmoving party to "designate specific facts or evidence in dispute," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); and if the nonmoving party fails to make the necessary showing on an element upon which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Plaintiff can offer no such evidence to support her standing to bring a Title IX lawsuit.

716, 729 (6th Cir. 1996). In Michigan, the statute of limitations on personal injury actions is three years. *Id. See Garza v. Lansing Sch. Dist.*, 972 F.3d 853, 867 n.8 (6th Cir. 2020) and *Dibbern v. Univ. of Michigan*, No. 12-15632, 2013 WL 6068808, at *7 (E.D. Mich. Nov. 18, 2013).

Under Title IX, a claim accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results. *Forrester v. Clarenceville Sch. Dist.,* No. 20-12727, 2021 WL 1812700, at *3 (E.D. Mich. May 6, 2021). The Sixth Circuit has consistently held that the limitations period for a §1983 claim begins to run when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred. *Evans et al, v. City of Ann Arbor, et al., Defendants. Additional Party Names: Prop. Mgmt. Specialists, Inc.,* No. 21-10575, 2022 WL 586753, at *8 (E.D. Mich. Feb. 25, 2022) *citing Garza* at 867.

Here, Plaintiff's Amended Complaint affirmatively shows the untimeliness of her claims. Plaintiff alleges that:

- she met Dr. Schoenfeld in 2013 and maintained a sexual relationship with him between February and May, 2013 (PageID.41-43);

- that Dr. Schoenfeld raped her in March, 2013 (PageID.44);

- that despite her claimed "rape," which she has since retracted, she maintained communication with Dr. Schoenfeld between 2013-2016 regarding "mentoring goals" (PageID.45);

- that Dr. Schoenfeld gave her an "internship" without any background check, HIPAA screening, or ID about which Dr. Schoenfeld asked Plaintiff to lie to University staff and state she was a "family friend" (PageID.47);

- that she exited her "internship" because Dr. Schoenfeld refused to give her a recommendation letter (PageID.47);

- that in February, 2018, she met with Defendants Baum and Seney from UM's "Title IX Office" to report Dr. Schoenfeld's "sexual abuse" and "predatory behavior," (which has since been retracted) and was informed that there would not be a formal investigation because she was not a student at UM (PageID.49); and

- that in April, 2018, she received an email from David Baum stating that Dr. Schoenfeld's adjunct professorship was discontinued and that he was no longer employed by UM (PageID.49-50).

Plaintiff filed her initial Complaint on October 22, 2021. The last alleged incident of harassment or discrimination by Dr. Schoenfeld was August 2017, when she alleges in her Amended Complaint that she was stalked off-campus at a Walgreens (PageID.49). Furthermore, she was informed by Defendants Baum and Seney that no formal investigation would occur because she was not a student, and that Dr. Schoenfeld departed from the University in April, 2018. Plaintiff alleges no post-actual knowledge harassment and her Amended Complaint fails to allege **any** facts supporting a Title IX deliberate indifference claim within the 3-year statutory period dating back from her October 22, 2021 filing. For these reasons, Plaintiff's claims against all Defendants should be dismissed.

**D. Even if Plaintiff Had Standing <u>and</u> Even if Her Claim Was Not Time Barred, Her Amended Complaint Fails to State a Claim of Deliberate Indifference Under Title IX Because She Has Failed to Allege Post-Actual Knowledge Harassment**

The United States Supreme Court has implied a private right of action under Title IX against educational programs receiving federal funds. However, under Title IX, educational institutions cannot be held liable under a theory of *respondent superior*. To be liable, the plaintiff must show that the school was deliberately indifferent to known acts of discrimination. *Doe v. Centreville Pub. Sch.,* No. 1:17-CV-317, 2019 WL 10890258, at *5 (W.D. Mich. Apr. 29, 2019). In *Gebser v. Lago Vista Independent School District*, 524 U.S. 274, 277 (1998), the Court held that a deliberately indifferent institution can only be held liable under Title IX for the sexual harassment of a student under limited circumstances.

Institutional Title IX liability only occurs when a plaintiff shows that (1) the school had actual notice of the sexual harassment and (2) exhibited deliberate indifference in light of such

notice. *McCoy v. Bd. of Educ., Columbus City Schs.*, 515 F. App'x 387, 391 (6th Cir. 2013) (*citing Williams ex rel. Hart v. Paint Valley Local Sch. Dist.*, 400 F.3d 360, 366 (6th Cir. 2005)); *Vance v. Spencer Cty. Pub. Sch. Dist.*, 231 F.3d 253, 260-61 (6th Cir. 2000). In *Gebser*, the Court concluded that a school district could only be held liable with actual notice of the harassment. *Gebser*, 524 U.S. at 287-88. To have actual notice, an "appropriate person" must have knowledge, meaning a "an official of the recipient entity with authority to take corrective action to end the discrimination." *Id.* at 290. In addition, the official must fail to adequately respond such that "the response must amount to deliberate indifference to discrimination." *Id.* In these situations, school districts can "be held liable in damages only where their own deliberate indifference effectively 'cause[d]' the discrimination." *Davis*, *supra* at 643 (*quoting Gebser*, 524 U.S. at 291).

In *Doe v. Univ. of Kentucky*, 959 F.3d 246 (6th Cir. 2020), the plaintiff's deliberate indifference claim failed as a matter of law because her allegations of rape in the pre-actual-knowledge period failed to show actionable sexual harassment. The relevant inquiry, according to the *Doe* court, was "whether UK's *response* to Jane Doe's accusations subjected her to *further* actionable sexual harassment." *Id*. at 251. There, like here, plaintiff did not plead any incident of actionable harassment in the post-actual-knowledge period. The *Doe* court further held that even if post-actual-knowledge interactions could amount to actionable harassment, plaintiff failed to show that UK's response was clearly unreasonable and that it caused the further harassment. Nor did UK's non-compliance with its own administrative policies amount to deliberate indifference. *Cf. Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 292, 118 S. Ct. 1989, 141 L.Ed.2d 277 (1998) (holding that "the failure to *promulgate* a grievance procedure does not itself constitute 'discrimination' under Title IX") (emphasis added). *Id.* at 252.

Again, Plaintiff was informed that no formal investigation would occur because she was not a student, and that Dr. Schoenfeld departed from the University in April, 2018.  Plaintiff's Amended Complaint alleges no post-actual knowledge harassment and fails to allege **any** facts supporting a Title IX deliberate indifference claim.  Particularly, Defendant has failed to allege that the University's response was unreasonable in light of the facts that she lacked student or employee standing to even bring a complaint and that Dr. Schoenfeld departed the University in April, 2018.

**E.     There Is No Individual Liability Under Title IX.  Plaintiff's §1983 Claims Against the Individual Defendants Cannot Be Based Upon a Violation of Title IX and Therefore Must Be Dismissed for Failure to State a Claim**

Plaintiff attempts to assert §1983 claims against individual Defendants based on an alleged violation of Title IX, and nothing else. (PageID.57, para 70).  In *Wilkerson v. Univ. of N. Texas*, 223 F. Supp. 3d 592, 608 (E.D. Tex. 2016), the court explicitly addressed and rejected the plaintiff's attempt to base a §1983 claim on allegations of Title IX violations-- differentiating *Fitzgerald v. Barnstable School Committee*, 555 U.S. 246, 129 S. Ct. 788, 172 L.Ed.2d 582 (2009).

In *Fitzgerald*, the U.S. Supreme Court held that Title IX did not preclude use of §1983 to redress unconstitutional gender discrimination in schools. *Id.* at 258, 129 S. Ct. 788.  However, the issue that the Supreme Court resolved in *Fitzgerald* was different than the argument plaintiff made in *Wilkerson* and that Plaintiff makes here. First, *Fitzgerald* confirmed that Title IX does not allow suit against individuals. *Fitzgerald*, 555 U.S. at 257, 129 S. Ct. 788.  Next, the Supreme Court's holding did not deal with the specific issue of whether a plaintiff could *base his* §1983 claim on a violation of Title IX.  Rather, the Supreme Court analyzed whether Congress's enactment of Title

IX inferred that §1983 claims **based on violations of the Equal Protection Clause** were precluded by Title IX.[5]

In determining whether such intent could be inferred, the Supreme Court compared the rights and protections of each statute to those existing under the Constitution. In previous cases where the Supreme Court found §1983 to be precluded, the Supreme Court recognized that those statutes were so comprehensive and detailed that there was little left for §1983 to protect. *Id.* at 253–54, 129 S. Ct. 788. In those cases, the Supreme Court found that §1983 was precluded because it would otherwise allow a plaintiff to "circumvent the statutes' provisions in [a] way [that] would have been 'inconsistent with Congress's carefully tailored scheme.'" *Id.* at 255, 129 S. Ct. 788. Finally, while the Supreme Court recognized the varying schemes available under Title IX and §1983, it ultimately held that "parallel or concurrent §1983 claims" would not allow access to new remedies. *Id.* at 256, 129 S. Ct. 788.

Based on the Supreme Court's analysis in *Fitzgerald*, the *Wilkerson* court held that the plaintiff could not state a claim under §1983 **based on an underlying violation of Title IX**. *See also Cox v. Sugg*, 484 F.3d 1062, 1067 (8th Cir. 2007); *Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282 (11th Cir. 2007); *Seamons v. Snow*, 84 F.3d 1226, 1234 n.8 (10th Cir. 1996). The *Wilkerson* court explained:

> Plaintiff seeks to avoid this restriction by nesting a Title IX claim into a §1983 claim and claiming that Title IX is the substantive right violated. This is in conflict with *Fitzgerald* by giving Plaintiff rights that would be unavailable under Title IX. *See id.* at 256, 129 S. Ct. 788. Therefore, the Court finds that Plaintiff cannot state a claim for relief under § 1983 based on an underlying violation of Title IX.

*Id* at 608.

---

[5] Furthermore, a second amendment to Plaintiff's Complaint for the purpose of alleging a constitutional violation would be futile because the claim would otherwise be time-barred.

In the present case, Plaintiff has also attempted to nest her Title IX claim in a §1983 claim. Plaintiff's Second Cause of Action is based entirely on allegations that the individual defendants violated Title IX. In fact, Plaintiff used the "deliberate indifference" language that is the standard for Title IX claims against an institution to support her §1983 claim. (PageID.57). As this claim is clearly impermissible as a matter of law, it must be dismissed for failure to state a claim on which relief may be granted.

**F.**  **Even if Plaintiff Could Use Alleged Title IX Violations as the Basis for her §1983 Claims Against the Individual Defendants, <u>and</u> Even if Those Claims Were Not Time Barred, Individual Defendants Are Entitled to Qualified Immunity**

Here, several Defendants have been sued in their individual capacity under § 1983 and they are all protected by the doctrine of qualified immunity. Qualified immunity insulates officials from suit under §1983 for damages arising out of the performance of their official duties if "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L.Ed.2d 396 (1982). It protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341, 106 S. Ct. 1092, 89 L.Ed.2d 271 (1986). Qualified immunity can be raised at the Rule 12(b)(6) stage where Plaintiff fails to articulate any "clearly established law"— beyond "a high level of generality"—that any of the individual defendants violated. *Mullenix v. Luna*, 577 U.S. 7, 136 S. Ct. 305, 308, 193 L.Ed.2d 255 (2015).

Because no reasonable jury could find that any individual defendant violated Plaintiff's constitutional rights (no constitutional violations have even been asserted in the Amended Complaint), and because alleged violations of Title IX cannot form the basis of a §1983 claim, this Court should not even have to reach the question of whether such rights were clearly established at the time of the alleged violation. *See Lipian v. Univ. of Michigan,* 453 F. Supp. 3d 937, 956

(E.D. Mich. 2020), *motion to certify appeal denied,* No. 18-13321, 2020 WL 3402013 (E.D. Mich.

June 19, 2020).  Thus, Plaintiff has failed to state a claim for relief and her claims against all

individual Defendants should be dismissed.

**G.**     **As Plaintiff's Federal Claims Fail, this Court Should Not Retain Jurisdiction Over Plaintiff's State Law Claims, Which Are Otherwise Barred by State Law Immunity and Failure to Provide Notice Pursuant to the Michigan Court of Claims Act.**

Plaintiff's remaining claims sound only in state law. Federal courts can only exercise

supplemental jurisdiction over state law claims as a result of 28 U.S.C. §1367. That statute

provides that a district court "may decline to exercise supplemental jurisdiction" if it has

"dismissed all claims over which it has original jurisdiction" §1367(c)(3).  The Sixth Circuit has

applied "a strong presumption against the exercise of supplemental jurisdiction once federal claims

have been dismissed." *Packard v. Farmers Insurance Co. of Columbus*, 423 Fed. Appx. 580, 584

(6th Cir. 2011).  A court should only retain supplemental jurisdiction in such cases "where the

interests of judicial economy and the avoidance of multiplicity of litigation outweigh [the court's]

concern over needlessly deciding state law issues." *Moon v. Harrison Piping Supply*, 465 F.3d

719, 728 (6th Cir. 2006).

The factors courts usually look to in order to retain jurisdiction are not applicable here.

The case has not been on the district court docket long; discovery has not began; there is no

"voluminous record" at the district court; there is no intention of forum shopping; and dismissal

would not waste judicial resources. *See Harper v. Auto Alliance International, Inc.*, 392 F.3d 195,

211 (6th Cir. 2004).  Accordingly, this court should, in its discretion, refuse to exercise

supplemental jurisdiction over Plaintiff's remaining state law claims.

## II.     RELIEF REQUESTED

For the reasons argued above, Defendants respectfully request that this Court dismiss Plaintiff's First Amended Complaint in its entirety, with an award of costs and fees to Defendants pursuant to FRCP 12.

Respectfully submitted,

THE UNIVERSITY OF MICHIGAN
OFFICE OF THE VICE PRESIDENT
& GENERAL COUNSEL


By:     /s/ *Thomas L. Kent*
Thomas L. Kent (P55863)
1109 Geddes Avenue
Ruthven Building, Suite 2300
Ann Arbor, MI 48109-1079
(734) 764-0304
tomkent@umich.edu
Dated:  May 25, 2022     *Attorneys for Defendant*


## CERTIFICATE OF SERVICE

STATE OF MICHIGAN          )
                           )  ss
COUNTY OF WASHTENAW        )

I hereby certify that on May 25, 2022, I electronically filed *Defendants Brief in Support of Motion to Dismiss Pursuant to FRCP 12* with the Clerk of the Court using the ECF System.


By:     /s/ *Jennifer L. Traver*
Jennifer L. Traver
Legal Assistant

17