UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| JANE DOE,<br><br>     Plaintiff,<br><br>v.<br><br>UNIVERSITY OF MICHIGAN, et al.,<br><br>     Defendants. | Case No:  21-CV-12492<br><br>Hon. Shalina D. Kumar<br>Magistrate Judge Elizabeth A. Stafford |
| Keith Altman (P81702)<br>The Law Office of Keith Altman<br>33228 West 12 Mile Road - Suite 375<br>Farmington Hills, MI 48334<br>Telephone: (516) 456-5885<br>keithaltman@kaltmanlaw.com<br>*Attorney for Plaintiff* | Thomas L. Kent (P55863)<br>THE UNIVERSITY OF MICHIGAN<br>OFFICE OF THE VICE PRESIDENT &<br>GENERAL COUNSEL<br>1109 Geddes Avenue<br>Ruthven Building, Suite 2300<br>Ann Arbor, MI 48109-1079<br>(734) 764-0304<br>tomkent@umich.edu<br>*Attorneys for Defendants* |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS**

In summary, Plaintiff's response fails to adequately respond to the multiple and independent bases for dismissal set forth in Defendants' motion. Plaintiff has failed to differentiate, and in most cases even address, compelling or controlling legal authority. Instead, she has pivoted to extraordinary and unavailing legal theories with little or no support and analysis. The facts and law remain that Plaintiff lacks standing to bring a Title IX claim, her claims are untimely, she has failed to plead a plausible claim of deliberate indifference under Title IX because she has not pled any instances of post-actual knowledge harassment, and she cannot nest a Title IX claim in a §1983 claim (and even if she could, the individual Defendants would be entitled to

qualified immunity).[1]  For these reasons, Defendants respectfully request that the pending Motion to Dismiss be granted.

1. **Plaintiff Lacks Standing Under Title IX**

It is undisputed that Plaintiff was not a student or employee of Defendant UM.  Nor was she an applicant for admission during the relevant times in her Complaint. In her response, she describes herself as a "prospective student" in an admittedly "unauthorized" internship with someone whom she had developed a romantic relationship.  Plaintiff failed to address the plain language and legislative history of Title IX and the legal authority provided by Defendants, namely *Arocho, Culver-Stockton and Brown*, all of which repudiated non-student standing.

Alternatively, Plaintiff relies exclusively on *Hall v. Millersville Univ.*, 22 F.4th 397 (6th Cir. 2022), a case that bears no relevance to the issue of standing.  In *Hall*, Hall's parents sued the university after their daughter, **a student at the university**, was killed in her dorm room by her boyfriend.  The issue was whether the university could be held liable under Title IX when the violators/harassers were third parties unaffiliated with the institution.  *Hall* provides no guidance on the issue of whether Plaintiff, as an alleged victim, has standing to sue as a non-student, non-employee. Clearly, she does not.

Plaintiff has provided no legal authority for Title IX standing as a "patient," unauthorized intern, or "prospective student." Nor has she pled factual allegations that make any of these theories plausible under *Iqbal* even if they were supported by existing law.

---

[1] Plaintiff also devotes over two pages to arguing that there is individual liability under Title IX. However, her Second Amended Complaint, presumably to cure this defect from the original Complaint, does not have a Title IX cause of action against any individuals.  The Second Amended Complaint ("Complaint") only contains a §1983 claim against individual Defendants **based on an alleged violation of Title IX**.  This theory is improper for the reasons argued by Defendants in their motion.

### 2. **Plaintiff's Claims Are Untimely**

In her response, Plaintiff does not appear to take issue with the fact that her claims are untimely. Instead, for the first time, she claims that she should be excused from timely filing her claims under the equitable tolling doctrine, citing *Zimmerman v Poly Prep Country Day School*, 888 F. Supp.2d 317 (E.D.N.Y 2012). *Zimmerman* was a negligent supervision claim where the plaintiffs alleged that the defendant prevented them from suing by making false public statements that the school was unaware of the defendant's past conduct.

First, *Zimmerman* bears no factual similarity to the present case. Second, Plaintiff cannot identify any deception or fraud that prevented her from knowing when she was allegedly abused. **Under Title IX, a claim accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results.** *Forrester v. Clarenceville Sch. Dist.,* No. 20-12727, 2021 WL 1812700, at *3 (E.D. Mich. May 6, 2021). While it is difficult to ferret out exactly what Plaintiff is arguing in her response, it seems that she is claiming that she did not sue because she believed UM was conducting an investigation of Dr. Schoenfeld. But this changes nothing with respect to the accrual of Plaintiff's claim, which would have been the last incident of alleged harassment in her Complaint - August, 2017. It now appears evident that Plaintiff's Title IX claim is actually for an alleged "failure to investigate," not for the acts of alleged discrimination/harassment detailed in her Complaint. However, Plaintiff cannot sustain a Title IX claim strictly under a "failure to investigate" theory unless that failure resulted in discrimination or harassment prohibited by the statute. (*Please see*, PageID 319-321, Part D of Defendant's Brief in Support of Motion to Dismiss). Again, Plaintiff has not pled any post-actual knowledge harassment required under *Gebser v. Lago Vista Independent School District,* 524 U.S. 274, 277 (1998).

Lastly, Plaintiff fails to provide this Court with substantive tolling law from our jurisdiction. In *BBF Eng'g Servs., P.C. v. Michigan*, No. 11-14853, 2012 WL 380282, at *8 (E.D. Mich. Feb. 6, 2012), *aff'd sub nom. Foster v. Michigan*, 573 F. App'x 377 (6th Cir. 2014), the court held:

> Plaintiffs next argue that equitable tolling should apply because Defendant Judnic deliberately misrepresented the truth about his motivations when Plaintiffs asked him why the contract was being cut. The Sixth Circuit has held, however, that a deception regarding motive supports equitable tolling only where the deception conceals the very fact of discrimination. *Hill v. United States Dept. of Labor,* 65 F.3d 1331, 1337 (6th Cir.1995). Equitable tolling through fraudulent concealment will not be permitted where the plaintiff was aware of all the essential facts constituting discriminatory treatment but lacks direct knowledge or evidence of the defendant's subjective discriminatory motive. *Id.*
>
> The party relying on equitable tolling through fraudulent concealment has the burden of demonstrating its applicability. *Id.* at 1336. Equitable tolling is an extraordinary remedy which should be extended only sparingly, and is unavailable unless the plaintiff exercised due diligence in pursuing his claims. *Drake v. City of Detroit, Michigan,* 266 F. App'x 444, 449 (6th Cir. 2008).

Defendants never engaged in deception or concealment that deprived Plaintiff of the essential facts needed to file her claim in a timely manner. Hence, for these reasons, Plaintiff's claims are time-barred and the doctrine of equitable tolling does not save them from dismissal.

### 3. **Plaintiff Has Failed to Plead a Title IX Claim of Deliberate Indifference**

Plaintiff appropriately concedes that a Title IX deliberate indifference claim requires allegations of causation, namely she was subjected to "further post-actual-knowledge harassment." (PageID. 409). Despite this acknowledgement, Plaintiff has failed to allege or argue in her response that she was subjected to post-actual-knowledge harassment. Her sole allegation is that Dr. Schoenfeld continued "to have access to the University of Michigan's email servers, business contacts, and more students, until the end of his renewal on August 31, 2018." (PageID. 409).

Plaintiff does, however, urge this Court to adopt the reasoning of *Wamer v. Univ. of Toledo*, 27 F.4th 461 (6th Cir. 2022) wherein the court embraced a more relaxed standard for teacher on student harassment.  Despite the clear inapplicability of this case on its facts, in *Wamer* the student alleged that as a result of the university's failure to take reasonable remedial measures, she was forced to take certain steps on her own, (e.g. change classes and majors, to avoid contact with her instructor).  The Court held that, under these circumstances, the university's failure to respond reasonably, together with the student's actions driven by her objective fear, could potentially be construed as denial or interference with her educational opportunities and benefits.  There are no parallels between *Wamer* and the present case, and Plaintiff's reliance on *Wamer* should be rejected as Dr. Schoenfeld was admittedly not her teacher.  In fact, he was nothing more than a person with whom she had developed a personal dating relationship.

Plaintiff's response to Defendants' Motion to Dismiss provides this Court with no authority or argument from which it can conclude that a proper Title IX deliberate indifference claim is plausible, and therefore Defendants' motion should be granted.

**4.      Defendants Are Entitled to Qualified Immunity as to Plaintiff's §1983 Claim**

Qualified immunity can be raised at the Rule 12(b)(6) stage where Plaintiff fails to articulate any "clearly established law" - beyond "a high level of generality" - that any of the individual defendants violated.  *Mullenix v. Luna*, 577 U.S. 7, 136 S. Ct. 305, 308, 193 L.Ed.2d 255 (2015).  In her "Third Cause of Action," Plaintiff has alleged no constitutional violations - only Title IX violations on which she bases a §1983 claim.  For the reasons argued extensively in Defendants' motion, which have not been addressed or refuted in Plaintiff's response, a §1983 claim may not be based upon underlying alleged Title IX violations. Thus, Plaintiff has failed to state a plausible claim for relief and this Count must be dismissed.

Respectfully submitted,

THE UNIVERSITY OF MICHIGAN
OFFICE OF THE VICE PRESIDENT
& GENERAL COUNSEL

By:     /s/ *Thomas L. Kent*
        Thomas L. Kent (P55863)
        1109 Geddes Avenue
        Ruthven Building, Suite 2300
        Ann Arbor, MI 48109-1079
        (734) 764-0304
        tomkent@umich.edu
        *Attorneys for Defendants*

### CERTIFICATE OF SERVICE

STATE OF MICHIGAN       )
                                     ) ss
COUNTY OF WASHTENAW )

     I hereby certify that on June 22, 2022, I electronically filed *Defendants Reply Brief in Support of Motion to Dismiss* with the Clerk of the Court using the ECF System.

By:     /s/ *Jennifer L. Traver*
        Jennifer L. Traver
        Legal Assistant