**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

JANE DOE,

     Plaintiff,                  Case No: 21-CV-12492

v.                          Hon. Shalina D. Kuman
                              Magistrate Judge Elizabeth A. Stafford

UNIVERSITY OF MICHIGAN, et al.,

     Defendants.

**PLAINTIFF'S SUPPLEMENTAL BRIEF ON THE APPLICATION OF**
***AROCHO* AND *SNYDER-HILL***

## **<u>TABLE OF CONTENTS</u>**

TABLE OF AUTHORITIES ........................................................................2

ARGUMENT ...........................................................................................3

   A.  Plaintiff attempted to participate in, and did participate in, a University's "Education Program or Activity." ...............................................3

   B.  The Court Should Rely on the Sixth Circuit's Reasoning in Snyder-Hill Rather than Arocho Due to its Similarities to the Present Action...................4

   C.  Plaintiff Meets the Standing Requirements to Bring a Title IX Claim Even Considering the Sixth Circuit's Standing Requirements in *Arocho* and *Snyder-Hill* ......................................................................7

CONCLUSION .......................................................................................9

CERTIFICATE OF SERVICE ................................................................11

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Hernandez v. Baylor Univ.*, 274 F.Supp.3d 602, 616-17 (W.D. Tex. 2017)............4

*Kollaritsch v. Michigan State University Board of Trustees,* 944 F.3d 613, 619-24

   (6th Cir. 2019)...................................................................................................3

*Snyder-Hill v. Ohio State University*, 48 F.4th 686 (6th Cir. 2022) ..........................8

**Statutes**

Title IX of The Education Act Amendments of 1972. Pub. L. No. 92-318, 86 Stat.

   373 (1972)...................................................................................................4

## ARGUMENT

**A.  Plaintiff attempted to participate in, and did participate in, a University's "Education Program or Activity."**

This court should rely on the Sixth Circuit's reasoning in *Snyder-Hill* rather than *Arocho*, and Defendant's motion should be denied standing and other grounds. "A student-victim plaintiff must plead, and ultimately prove, that the school had actual knowledge of actionable sexual harassment and that the school's deliberate indifference to it resulted in further actionable sexual harassment against the student-victim, which caused the Title IX injuries." *Kollaritsch v. Michigan State University Board of Trustees,* 944 F.3d 613, 619-24 (6th Cir. 2019). Plaintiff became aware of the mishandling of her University of Michigan Title IX complaint in April 2020 through a cease-and-desist sent to her in the mail from John Doe that indicated there was no record of any disciplinary action based on her report. Plaintiff later became aware of University of Michigan's deliberate indifference within the Department of Internal Medicine in May 2021 through the independent investigation report on Dr. Robert Anderson that was publicly released by Wilmer Hale. Approximately six hundred patients made reports to the University of Michigan regarding their experiences with Dr. Robert Anderson.

Plaintiff's Title IX cause of action is timely, and the statute of limitations did not begin to run until Plaintiff knew or had reason to know that the University of Michigan played a role in causing the Plaintiff's injuries. Title IX of The Education

Act Amendments of 1972. Pub. L. No. 92-318, 86 Stat. 373 (1972), *Hernandez v. Baylor Univ.*, 274 F.Supp.3d 602, 616-17 (W.D. Tex. 2017). In April of 2020, Plaintiff became aware of the mishandling of her Title IX complaint. In May of 2021, Plaintiff became aware of the University of Michigan's deliberate indifference within the Department of Internal Medicine through the investigation report on Dr. Robert Anderson released by Wilmer Hale.

Plaintiff had a multi-faceted relationship with the University of Michigan, and the court should consider Plaintiff's contacts with the University of Michigan's faculty, resources, and facilities as an ongoing series and not isolated incidents. The relationship between Plaintiff and the University of Michigan developed over a long period of time, and this court should follow Sixth Circuit authority by assessing Plaintiff's contacts within the University of Michigan in light of the broad standing requirements in *Snyder-Hill*.

**B.    The Court Should Rely on the Sixth Circuit's Reasoning in Snyder-Hill Rather than Arocho Due to its Similarities to the Present Action**

This court should rely on *Snyder-Hill* as the holding resonates with the present case before the court. *Snyder-Hill* properly and adequately expands the scope of Title IX by allowing nonstudents to have standing to bring Title IX claims if the nonstudents participated in an "education program or activity. Plaintiff was participating in an education program or activity at the University of Michigan, and

therefore Plaintiff meets the requirements for standing under both *Arocho* and *Snyder-Hill*.

The Sixth Circuit's reasoning in *Snyder-Hill* is sound. The Sixth Circuit had to examine under what circumstances a nonstudent participates in an "education program or activity" at an institution of higher learning. The University of Michigan holds its staff, resources, and facilities out to the public, and the Plaintiff in this case participated in all three by engaging in an internship at the Taubman Center in 2015. It is noteworthy that Plaintiff participated in the internship with the University of Michigan with the intentions of enrolling in a post graduate program at the University, of which she applied, was accepted and is currently attending. *Snyder-Hill* does not create a limitless class of plaintiffs that can bring Title IX claims against any institution receiving federal financial assistance. Rather, *Snyder-Hill* explores the boundary formed by the Sixth Circuit for granting standing to nonstudents bringing Title IX actions against federally funded educational institutions. Plaintiff qualifies as a nonstudent who has standing to bring a Title IX claim against the University of Michigan.

Plaintiff's relationship with Dr. Schoenfeld was a mentor-student relationship in which Dr. Schoenfeld provided money to Plaintiff as a personal scholarship based on her academic potential. As an undergraduate student, Plaintiff was manipulated by Dr. Schoenfeld because she was naïve, impressionable, and eager to gain access

to staff, resources, and facilities at the University of Michigan. As a board-certified gastroenterologist at the University of Michigan, Dr. Schoenfeld offered Plaintiff career advice and promises of professional assistance regarding Plaintiff's potential career in medicine.

Dr. Schoenfeld discussed Plaintiff's career goals with the Plaintiff and consulted with the Plaintiff regarding course schedules and preparation for the Medical College Admission Test. As a gastroenterologist at the University of Michigan, Dr. Schoenfeld provided Plaintiff with access to funds, staff, resources, and facilities at the University of Michigan. Plaintiff's contacts with Dr. Schoenfeld and the University of Michigan establish Plaintiff as an individual who participated in an "education program or activity" at the University of Michigan.

Plaintiff met with Dr. Schoenfeld at the University of Michigan hospital cafeteria, and Dr. Schoenfeld brought Plaintiff into the Gastroenterology conference room for Doctors for mentorship. By communicating with Plaintiff through his official University of Michigan email address, Dr. Schoenfeld used the University of Michigan's resources to continue his mentorship relationship with Plaintiff. Also, Dr. Schoenfeld provided Plaintiff with an internship at the University of Michigan Taubman Center in 2015. Plaintiff wore blue nursing scrubs during the internship, and Dr. Schoenfeld informed Plaintiff that he gained permission from the University

of Michigan before Plaintiff's internship began. In this role, Plaintiff observed procedures such as colonoscopies and endoscopies.

Dr. Schoenfeld's systematic and premeditated abuse of Plaintiff implicated the staff, resources, and facilities at the University of Michigan as Dr. Schoenfeld used his profession, his title, and his experience to manipulate and harm Plaintiff over a period of several years. This court should examine the relationship between Plaintiff and Dr. Schoenfeld in its totality. Upon doing so, the court should rule that Plaintiff does have standing to assert a Title IX claim against the University of Michigan because she was in constant contact with the staff, resources, and facilities at the University of Michigan. Plaintiff was harmed as a result of Dr. Schoenfeld's actions within his employment at the University of Michigan. Also, the University of Michigan should have been aware of Dr. Schoenfeld's abuse of Plaintiff through systematic and through monitoring.

**C.    Plaintiff Meets the Standing Requirements to Bring a Title IX Claim Even Considering the Sixth Circuit's Standing Requirements in *Arocho* and *Snyder-Hill*.**

Plaintiff meets the standing requirements because she was attempting to participate in, and actively participating in, educational programs and activities at the University of Michigan during all times relevant to the current action. "We further hold that 'education program or activity' is defined broadly and extends to situations in which individuals are, for example, accessing university libraries or

other resources, or attending campus tours, sporting events, or other activities."
*Snyder-Hill v. Ohio State University*, 48 F.4th 686 (6th Cir. 2022). Plaintiff was an
active participant in an internship at the Taubman Center in 2015. The examples
cited in *Snyder-Hill* are commensurate with Plaintiff's participation in an internship
at the Taubman Center. During the internship, Plaintiff received benefits during the
internship by participating in activities and services provided by the University of
Michigan. Plaintiff met Dr. Schoenfeld at the University of Michigan hospital
cafeteria and participated in an internship during which she wore nursing scrubs and
observed physicians and other University of Michigan staff and medical students
performing colonoscopies and other medical procedures in a learning capacity.

The record demonstrates that Plaintiff actively participated in the internship
at the Taubman Center, and therefore she satisfies the standing requirements set forth
in *Arocho* because she was engaged in an official University program that had
educational benefits. Plaintiff's internship cannot be compared to the career day
example examined by the Sixth Circuit. In the present action, Plaintiff received
educational benefits from her internship at the Taubman Center in 2015. The
relationship between Plaintiff and the University of Michigan was ongoing and
reciprocal. Dr. Schoenfeld acted under the authority of the University of Michigan
during his relationship with Plaintiff, and the court should find that Plaintiff meets

the standing requirements to bring a Title IX claim against the University of Michigan.

Plaintiff's internship was not fraudulent, and Plaintiff understood her internship to be valid, official, and sanctioned by the University of Michigan. Dr. Schoenfeld's abusive and deceptive behavior does not shield the University of Michigan from liability. The professional relationship between Plaintiff and Dr. Schoenfeld also constituted an education program or activity at the University of Michigan. Plaintiff meets the standing requirements to bring a Title IX claim against the University of Michigan, and this court should rule in accordance with Sixth Circuit authority.

## CONCLUSION

**WHEREFORE** this court should rely on the Sixth Circuit's reasoning in *Snyder-Hill* and Defendant's motion should be denied standing and other grounds.

Date: January 3, 2023                     Respectfully Submitted,

Keith Altman, Esq.
Law Office of Keith Altman
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48334
Telephone: (248) 987-8929
keithaltman@kaltmanlaw.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

JANE DOE,                               Case No. 3:2021-cv-12492

       Plaintiff,                    Hon. Shalina D. Kumar

v.                                      Mag. Judge Elizabeth A. Stafford

UNIVERSITY OF MICHIGAN,
et al.

       Defendants.

---

## CERTIFICATE OF SERVICE
---

I certify that on January 3, 2023, I served the foregoing document upon all

parties herein by filing copies of same using the ECF System.

       Respectfully Submitted,

       Keith Altman, Esq.
       Law Office of Keith Altman
       33228 West 12 Mile Road, Suite 375
       Farmington Hills, Michigan 48334
       Telephone: (248) 987-8929
       keithaltman@kaltmanlaw.com
       *Attorneys for Plaintiff*