# EXHIBIT 2

## DECLARATION OF DR. PHILIP SCHOENFELD
## PURSUANT TO 28 U.S.C §1764

I, Dr. Philip Schoenfeld, state as follows:

1. From September 2000-September 2016, I was a Professor of Medicine, University of Michigan School of Medicine and Ann Arbor Veterans Affairs Health Care System in the Division of Gastroenterology, Department of Internal Medicine.

2. On October 1, 2016, I began a new position as Chief, Gastroenterology Section, John D. Dingell Veterans Affairs Medical Center in Detroit, MI. I then transitioned to an unpaid, dry, adjunct appointment at the University of Michigan Health System, Department of Gastroenterology.

3. I met Jane Doe through an online dating website in approximately January 2013 and developed a romantic relationship with her in 2013.

4. Our romantic relationship ended in April 2013.

5. After our romantic relationship ended, Ms. Doe requested that I mentor her since she was pursuing a career in medicine. This consisted primarily of answering phone calls from Ms. Doe and responding to her questions about selection of course work and research opportunities at Michigan State University.

In 2014, Ms. Doe requested the opportunity to shadow me while I treated patients at UM Hospital. I requested that Mss. Doe seek shadowing opportunities at other medical facilities. After she responded that she was unable to find other shadowing opportunities, I consented to allow her to shadow me in outpatient gastroenterology setting. This consisted of me asking individual patients if they would allow Ms. Doe to passively observe our interactions. If the patient granted verbal approval, then I allowed Ms. Doe to observe.

6. I was unaware that I needed approvals for Ms. Doe to shadow me. Therefore, I did not seek approvals for Jane Doe to shadow me from the Chair or administrative leadership in the Department of Gastroenterology, nor did I inform UM Compliance or any other unit at UM of the arrangement. UM administration and leadership did not have knowledge or approve of the aforementioned shadowing arrangement.

7. I was unaware that there were applications or specific training required for shadowing opportunities. Therefore, I did not complete any internship/shadowing application on Ms. Doe's behalf, nor did Jane Doe complete any required HIPAA training or Code of Conduct attestation at my request or direction. I did not acquire any ID, badge or other visitor indication for Ms. Doe.

8. On information and belief to the best of my knowledge and recollection, Ms. Doe appeared at the hospital to shadow me on fewer than 10 occasions in 2015. I instructed her to

truthfully state that she was a student at Michigan State University who was planning to apply to medical school and was shadowing me if anyone inquired about her presence at the hospital.

9. Other than this shadowing arrangement, Ms. Doe had no connection or programmatic relationship to UM of which I was aware.

I declare under penalty of perjury that the foregoing is based upon personal knowledge and is true and correct.

*Philip Schoenfeld*
Dr. Philip Schoenfeld

Dated: 9 November 2023